IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC LEE HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 07-182 |
| ) | |
| JAMES T. WYNDER, Superintendent, ) | Magistrate Judge Lisa Pupo Lenihan |
| SCI-Dallas; DISTRICT ATTORNEY OF ) | |
| FAYETTE COUNTY, ) | |
| PENNSYLVANIA; ATTORNEY ) | |
| GENERAL OF PENNSYLVANIA, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Petitioner Eric Lee Harris ("Harris"), a state prisoner incarcerated at the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"), filed a petition for a writ of habeas corpus on February 14, 2007. Doc. No. 1. In accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties consented to have the matter resolved by a United States Magistrate Judge. Doc. No. 16. On August 14, 2009, the undersigned United States Magistrate Judge filed a memorandum opinion and order denying both Harris' petition and his implied request for a certificate of appealability. Doc. No. 17. Apparently mistaking the Court's memorandum opinion and order as a report and recommendation, Harris filed objections to the Court's opinion on October 1, 2009. Doc. No. 19. He also filed a motion to excuse waiver, since his "objections" had been filed after the expiration of the 10-day limitations period established by 28 U.S.C. § 636(b)(1)(C). Doc. No. 18. On October 5, 2009, the Court denied Harris' motion to excuse waiver. Since Harris had consented to have his petition adjudicated by

1

a United States Magistrate Judge, he had no entitlement to file objections under § 636(b)(1)(C). Nevertheless, the Court indicated that it would treat Harris' "objections" as a motion for reconsideration.

A motion for reconsideration is typically granted only upon a showing of an intervening change in controlling law, the discovery of new evidence, a need to correct a clear error of law, or a need to prevent manifest injustice. *North River Insurance Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). In this case, Harris cannot establish his entitlement to habeas corpus relief. The Court stands by its decision of August 14, 2009, denying his petition for a writ of habeas corpus and implied request for a certificate of appealability. While Harris continues to believe that his trial counsel was ineffective, it is worth noting that he was convicted of only three of the twelve offenses for which he was tried. Thus, the strategy employed by his trial counsel, which was largely successful, was clearly sufficient to satisfy the Sixth and Fourteenth Amendments. *Strickland v. Washington*, 466 U.S. 668, 687-691 (1984). The motion for reconsideration will be denied.

AND NOW, this 8th day of October, 2009, **IT IS HEREBY ORDERED** that the Motion for Reconsideration is **DENIED**.

By the Court:

Lisa Pupo Lenihan
United States Magistrate Judge

cc:   Eric Lee Harris
      GY-0202
      SCI-Dallas
      1000 Follies Road

Dallas, PA 18612

All counsel of record